**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RAIMEL OLIVA GONZALEZ, | No. 1:26-cv-02877 JLT EGC (HC) |
| Petitioner, | A-Number: 245-626-638 |
| v. | ORDER REQUIRING SUPPLEMENTAL BRIEFING REGARDING THE APPLICABLE DETENTION AUTHORITY |
| WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER, et al., | |
| Respondents. | |

Petitioner, Raimel Oliva Gonzalez, is an immigration detainee proceeding with a motion for temporary restraining order (Doc. 2), and petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging his ongoing detention without a bond hearing. (Doc. 1 at 6–8.) Respondents filed a response to the TRO and habeas petition on April 17, 2026, arguing that Petitioner is an "applicant for admission" who is subject to mandatory detention under 8 U.S.C. § 1225(b). (Doc. 7 at 2.) Petitioner did not file a reply and the deadline to do so has passed.

Upon review of the matter, the record indicates that Petitioner entered the United States unlawfully on or around December 18, 2023, and was released the following day on an order of release on recognizance. (Doc. 1 at 4, 25–26; Doc. 7-2 at 1.) Department of Homeland Security subsequently issued a Notice to Appear charging Petitioner as removable under the Immigration and Nationality Act § 212(a)(6)(A)(i). Notably, Petitioner was arrested by local police in

1

September 2025 for "burglary of an unoccupied dwelling unarmed" and for having "no valid driver's license." (Doc. 7-1 at 2; Doc. 1 at 5.) The record is unclear regarding the status of that arrest,[1] however Petitioner indicates that, after serving a "criminal sentence," he was released in late February 2026 directly into ICE custody. (Doc. 1 at 5.)

Accordingly, Petitioner's detention appears mandatory under the Laken Riley Act, codified in 8 U.S.C. § 1226(c)(1)(E), which authorizes "mandatory detention without a bond hearing," *Yesil v. Chestnut, et al.*, No. 1:26-cv-01758-DC-AC, 2026 WL 834066, at *3 (E.D. Cal. Mar. 26, 2026) (citing Pub. L. No. 119-1, 139 Stat. 3 (2025)), for certain noncitizens who have been "charged with, [] arrested for, [] convicted of, admits to having committed, or admits committing acts which constitute the essential elements of any <u>burglary</u>, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person, when the alien is released, <u>without regard to whether the alien is released on parole, supervised release, or probation</u>, and without regard to whether the alien may be arrested or imprisoned again for the same offense." 8 U.S.C. § 1226(c)(1)(E)(ii) (emphasis added).

As such, the Court finds that supplemental briefing on this issue, including an update on the status of Petitioner's arrest[2], would assist the Court in this matter. Thus, **within 21 days of the date of this order**, the parties **SHALL** file a supplemental brief addressing the issue set forth above.

IT IS SO ORDERED.

Dated:   **May 14, 2026**

UNITED STATES DISTRICT JUDGE

---

[1] Petitioner indicates that he was "convicted of burglary of an unoccupied structure" and that he "fully served and completed his criminal sentence," (Doc. 1 at 5), which suggests that his arrest for these charges resulted in a final conviction. However, the I-213 suggests that the criminal case is pending. (*See* Doc. 7-1 at 3.)

[2] This may include a copy of Petitioner's Record of Arrests and Prosecutions ("RAP sheet"), as well as a copy of the case information pulled from Petitioner's criminal court proceedings.