**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

RAIMEL OLIVA GONZALEZ (A-No.
245-626-638),

     Petitioner,

v.

WARDEN, CALIFORNIA CITY
CORRECTIONAL CENTER, et al.,

     Respondents.

Case No. 1:26-cv-02877-JLT-EGC (HC)

ORDER DENYING THE PETITION FOR
WRIT OF HABEAS CORPUS; DENYING
THE MOTION FOR TEMPORARY
RESTRAINING ORDER AS MOOT; AND
DIRECTING THE CLERK OF COURT TO
CLOSE THE CASE

(Docs. 1, 2)

## I.   INTRODUCTION

Before the Court is Raimel Oliva Gonzalez's request for a temporary restraining order (Doc. 2), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) The government filed a response to the TRO and the underlying petition, asserting that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b), (*see* Doc. 7), and supplemental briefing contending that Petitioner's burglary conviction renders him subject to 8 U.S.C. § 1226(c)(1)(E)'s mandatory detention provision. (Doc. 10.) For the reasons set forth below the Court, **DENIES** the habeas petition.[1]

---

[1] When the Court set a briefing schedule on the motion for TRO, it ordered the parties to state their position as to whether the motion for TRO should be converted to a preliminary injunction without further briefing, whether the parties sought a hearing, and whether the parties sought additional briefing on the habeas petition. (Doc. 5.) Neither party requests a hearing or further briefing, and both parties have submitted supplemental briefing on the issue of mandatory detention under the Laken Riley Act, codified in 8 U.S.C. § 1226(c)(1)(E). (*See* Docs. 7, 10, 12.) Accordingly, the Court decides this case on the

## II.   LEGAL STANDARD

Under 28 U.S.C. § 2241, the Court has the authority to determine a petition for writ of habeas corpus in which the petitioner asserts he is being held in custody "in violation of the Constitution or laws or treaties of the United States." "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Petitioner argues he is entitled to immediate release, or in the alternative, a substantive bond hearing because the government violated the Fifth Amendment Due Process Clause when Immigration and Customs Enforcement re-detained him. (Doc. 1 at 7–9; Doc. 12 at 4–5.) Thus, he properly invokes the Court's habeas jurisdiction.

The Immigration and Nationality Act limits judicial review in many instances. Though 8 U.S.C § 1252(g) precludes this Court from exercising jurisdiction over the executive's decision to "commence proceedings, adjudicate cases, or execute removal orders against any alien," there is no removal order at issue, and the central issue is Petitioner's continued detention. Thus, this Court has the authority to review Petitioner's habeas petition. *See Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (holding that § 1252(g) precludes judicial review only as to the three areas specifically outlined in the subsection); *Reno v. American–Arab Anti–Discrimination Comm.*, 525 U.S. 471, 482 (1999).

## III.   FACTUAL BACKGROUND

Petitioner is a citizen of Cuba who entered the United States unlawfully on December 18, 2023, where he was encountered by immigration officials. (Doc. 1 at 4; Doc. 7 at 1.) Upon entry, the Department of Homeland Security issued a Notice to Appear charging Petitioner as removable under the INA § 212(a)(6)(A)(i), (*see* Doc. 7-1 at 2), and on December 19, 2023, released the Petitioner on an Order of Release on Recognizance. (Doc. 7-2 at 1.) One of his conditions of release was that he "not violate any local, State, or Federal laws or ordinances." (Doc. 7-2 at 1.) Petitioner is not subject to a final order of removal and has a pending asylum

underlying habeas petition.

application before the immigration court.[2] (*See* Doc. 1 at 4–5.)

According to Petitioner's Record of Arrest and Prosecution, on September 1, 2025, Petitioner was arrested by local police in Miami-Dade County, Florida, in relevant part, for burglary of an unoccupied dwelling, possession of cocaine, and damage to property. (*See* Doc. 10-1 at 5–6.) On October 3, 2025, Petitioner was officially charged with felony second-degree burglary of unoccupied dwelling, felony third-degree possession of a controlled substance, and misdemeanor first-degree criminal mischief damage to property. (*Id*. at 6–7.) On February 5, 2026, the judge in the criminal proceeding withheld adjudication for these three offenses and sentenced Petitioner to approximately seven months in jail with two years of probation. (*Id*. at 8–10.)

Petitioner confirms this information in his habeas petition when he states that he was arrested by police and "subsequently convicted of burglary of an unoccupied structure, possession of a small quantity of cocaine, and criminal mischief." (Doc. 1 at 5.) Petitioner further indicates that he "fully served and completed his criminal sentence, with a release date in late February 2026" and that within 24 hours of his release, "he was transferred directly into the civil immigration custody of ICE." (*Id*.) However, Petitioner argues that because the Court "withheld adjudication," which he contends "is not a conviction under Florida law," he has not been "convicted of" an offense that triggers mandatory detention under the Laken Riley Act and is instead entitled to a bond hearing under 8 U.S.C. § 1226(a). (Doc. 12 at 1.) Petitioner's criminal court records indicate that Petitioner entered a guilty plea for the three offenses, that the court withheld an adjudication of guilt, and that Petitioner was placed on probation. (*See* Doc. 12 at 11, 15.) The criminal court records further indicate that probation was terminated early, upon completion of Petitioner's criminal sentence on February 23, 2026. (*See id*. at 6, 9, 14.)

### IV.   DISCUSSION

The government filed an opposition to the habeas petition, arguing that Petitioner's

---

[2]  Upon entering Petitioner's A-Number into EOIR's website, the automated case information indicates that Petitioner's immigration case was opened on or around February 9, 2024, and is currently pending with no final order of removal in place. EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseinformation (last visited June 4, 2026).

detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b). (Doc. 7.) Respondents offer little to rebut Petitioner's due process claim as a noncitizen who was encountered upon entry into the United States and released on his own recognizance over two years ago. (*Id.*; *see also* Doc. 7-2 at 1) Respondents make no effort to distinguish this current case from the numerous cases issued by the undersigned, finding this legal position to be incorrect and the detention unlawful. *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut,* No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026). Accordingly, Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment.

However, that is not the end of the inquiry. Respondents also argue that Petitioner's recent arrest for burglary violated the conditions of his release such that re-detention was warranted. (Doc. 7 at 3.) More specifically, Respondents argue that Petitioner's "burglary conviction" triggered the mandatory detention provision of 8 U.S.C. § 1226(c)(1)(E) and therefore Petitioner is not entitled to a bond hearing. (Doc. 10 at 1.) The Court agrees. The Laken Riley Act, passed by Congress in January 2025, "amended [8 U.S.C.] § 1226(c) to subject additional categories of noncitizens who have had interactions with law enforcement to mandatory detention without a bond hearing." *Yesil v. Chestnut*, *et al.*, No. 1:26-cv-01758-DC-AC, 2026 WL 834066, at *3 (E.D. Cal. Mar. 26, 2026) (citing Pub. L. No. 119-1, 139 Stat. 3 (2025)). Specifically, the Laken Riley Act, codified in 8 U.S.C. § 1226(c)(1)(E), states that detention is mandatory for any noncitizen who:

> (E)(i) is inadmissible under paragraph (6)(A), (6)(C), or (7) of section 1182(a) of this title; and

4

(E)(ii) is charged with, is arrested for, is convicted of, admits having committed, or admits committing **acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person**, when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

8 U.S.C. § 1226(c)(1)(E) (emphasis added).

As to the first statutory condition, the record indicates that upon Petitioner's entry into the United States, DHS subsequently charged him as removable under INA § 212(a)(6)(A)(i), (*see* Doc. 7-1 at 2), which is codified in 8 U.S.C. § 1182(a)(6)(A)(i). As such, the first statutory condition under the Laken Riley Act is met.  8 U.S.C. § 1226(c)(1)(E)(i); *Haryana-Sandhir v. Warden Golden State Annex*, No. 1:26-cv-00405-DJC-SCR, 2026 WL 221372, at *2 (E.D. Cal. Jan. 28, 2026) ("Because [section] (6)(A) applies, the first condition is met.").

As to the second statutory condition, there is no question that on October 3, 2025, Petitioner was charged with burglary under Fla. Stat. Ann. § 810.02(3)(b). (Doc. 10-1 at 6–7; Doc. 12 at 6.) That statute reads: "Burglary is a felony of the second degree, . . ., if, in the course of committing the offense, the offender does not make an assault or battery and is not and does not become armed with a dangerous weapon or explosive, and the offender enters or remains in a: [d]welling, and there is not another person in the dwelling at the time the offender enters or remains." Fla. Stat. Ann. § 810.02(3)(b).

On its face, the Laken Riley Act appears to apply to Petitioner, because he was arrested and charged for burglary which is one of the enumerated crimes in 8 U.S.C. § 1226(c)(1)(E)(ii); *see Rohit Lnu v. Chestnut*, 1:26-cv-00016-JLT-SAB, 2026 WL 395882, at *1, 4 (E.D. Cal. Feb. 12, 2026) (dealing with an arrest for petty theft in violation of California Penal Code § 484(a) and finding that, on its face, it appeared to qualify as an enumerated crime of theft), *report and recommendation adopted in full*, 2026 WL 623148, at *1 (E.D. Cal. Mar. 5, 2026); *see also Singh v. Chestnut*, No. 126-cv-00546-DJC-AC, 2026 WL 266021, at *2 (E.D. Cal. Feb. 2, 2026) (dealing with an arrest for battery with serious bodily injury and finding that, on its face, it appeared to qualify as an enumerated crime of aggravated battery).

Petitioner argues that because adjudication of this crime was withheld, he completed his criminal sentence, his two-year probation was terminated early, and his criminal case is now closed, he is not subject to mandatory detention under Laken Riley. (Doc. 12 at 1–2.) Petitioner argues that when adjudication is withheld, that "is not a conviction under Florida law," (*id*. at 1) but cites no support for this proposition. (*Id*. at 1–5.)

To avoid due process concerns, "courts have construed the Laken Riley Act to apply only where an individual is *currently* charged with or arrested for the enumerated crimes, and [have concluded that] mandatory detention is not required when charges are never filed, . . . or where an individual has been acquitted, . . . ." *Singh*, 2026 WL 266021, at *2 (citing *Helbrum v. Williams Olson*, No. 4:25-cv-00349-SHL-SBJ, 2025 WL 2840273, at *6 (S.D. Iowa Sept. 30, 2025) and *E.C. v. Noem*, No. 2:25-cv-01789-RFB-BNW, 2025 WL 2916264, at *10 (D. Nev. Oct. 14, 2025)). Courts have also found that Laken Riley does not apply when charges for an enumerated offense have been dropped or dismissed. *Singh v. Wofford, et al*., No. 1:26-cv-01161-KES-EPG, 2026 WL 972547, at *2 (E.D. Cal. Apr. 10, 2026) (collecting cases). "The statute's 'use of the present tense is conspicuous and important.' (citations omitted). 'By using the present tense, § 1226(c)(1)(E)(ii) establishes that detention is mandatory only so long as the charges either remain pending or are resolved in a way that triggers one of the other clauses of the statute[,]' such as by a conviction." *Singh*, 2026 WL 972547, at *2 (citations omitted).

Petitioner was arrested and charged for the enumerated offense of burglary. (Doc. 10-1 at 6; Doc. 12 at 6.) Petitioner entered a guilty plea, was sentenced to approximately seven months in prison, and served a prison sentence. (Doc. 10-1 at 9; Doc. 12 at 11, 14.) Petitioner's criminal charges were not dropped or dismissed, *cf. Singh*, 2026 WL 972547, at *1–2, and while the charges are no longer pending, they resulted in his guilty plea. (Doc. 12 at 11.) Petitioner offers no support for the proposition that his guilty plea and criminal sentence does not constitute a "conviction" under the Laken Riley Act. (Doc. 12 at 1–5.) Further, under Florida law, "*for any felony offense*, except any capital felony, committed on or after October 1, 1998, the term: (2) *'Conviction' means a determination of guilt that is the result of a plea* or a trial, *regardless of whether adjudication is withheld*." Fla. Stat. Ann. § 921.0021(2) (emphasis added). Relying on

this statute, the Florida Supreme Court explained that "[a] finding that a no contest plea is a prior conviction, regardless of adjudication being withheld, is consistent with the legislative intent of section 921.0021(2)." *See Montgomery v. State*, 897 So.2d 1282, 1285 (Fla. 2005). The court explained, "the statutory language is clear and unambiguous." *Id*. (holding that a no contest plea followed by a withhold of adjudication is a conviction for purposes of sentencing under section 921.0014). Therefore, for all intents and purposes, Petitioner's guilty plea of burglary is a "conviction" under Florida law, and thus, likely a conviction of burglary under the Laken Riley Act. For the foregoing reasons, the Court **ORDERS**:

    1.    The petition for writ of habeas corpus (Doc. 1) is **DENIED**.

    2.    The motion for temporary restraining order (Doc. 2) is **DENIED** as **MOOT**.

    3.    The Clerk of Court is directed to **CLOSE** the case.

IT IS SO ORDERED.

Dated:   **June 12, 2026**

_____
UNITED STATES DISTRICT JUDGE